RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 7/15/14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KEITH DEON BROWN #34350-037 | DOCKET NO. 14-CV-110; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN ASK-CARLSON | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the Court is the pro se civil rights complaint of Keith Deon Brown filed pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1]. Brown is in the custody of the Federal Bureau of Prisons. At the time of filing, he was incarcerated at the Federal Correctional Institution at Pollock, Louisiana (FCI-Pollock). However, on June 19, 2014, the Court received notification from Brown that he had been transferred to a federal correctional institution in Fort Dix, New Jersey. Petitioner named as defendants Warden Linda Ask-Carlson and Tim Shields. He complained that the defendants were unconstitutionally interfering with his right to practice his religion, and he sought injunctive relief.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court.

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

*Plaintiff's Allegations*

Plaintiff claimed that the defendants were depriving him of the right to practice his religion as required by the Qu'ran. [Doc. #1, p.3] He asked that the court issue an injunction "to allow the 'Muslim Community' to adhere to the beliefs of the Hadeeth and the Qu'ran." [Doc. #1, p.4]

*Law and Analysis*

Plaintiff seeks injunctive relief regarding the practice of his religion at FCI-Pollock. However, Plaintiff was transferred to Fort Dix, New Jersey. The transfer of a prisoner out of an allegedly offending institution generally renders his claims for declaratory and injunctive relief moot. See <u>Herman v. Holiday</u>, 238 F.3d 660 (5th Cir. 2001)(citing <u>Cooper v. Sheriff, Lubbock County, Tex.</u>, 929 F.2d 1078, 1081 (5th Cir. 1991). In order for Plaintiff's claim to remain viable, he would have to establish a "demonstrated probability" or a "reasonable expectation" that he would again be incarcerated at FCI-Pollock. See <u>Murphy v. Hunt</u>, 455 U.S. 478, 482 (1982). Plaintiff has made no allegation or submitted any evidence indicating a reasonable likelihood that he would be returned to Pollock, Louisiana. Thus, Plaintiff's claim for injunctive relief should be dismissed.

*Conclusion*

Accordingly, **IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED AS MOOT,** since he is no longer incarcerated at the

Federal Correctional Institution at Pollock, Louisiana.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, this 15th day of July, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE